**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITES STATES OF AMERICA,**
        **Plaintiff,**

                                                                      **Case No. 2:07-cv-49**
                                                                      **JUDGE GREGORY L. FROST**
                                                                       **Magistrate Judge Mark Abel**

**JAMES C. TORNES,**
        **Defendant.**

## OPINION AND ORDER

This matter came on for consideration of Plaintiff United States' Motion for Summary Judgment. (Doc. # 18.) Defendant has failed to respond in opposition to Plaintiff's motion. For the reasons that follow, the Court **GRANTS** Plaintiff's motion.

### I. Background

The following facts are taken from Plaintiff's summary judgment motion. All of these facts are uncontroverted and are supported by admissible evidence as required by Fed. R. Civ. P. 56(c).

From October 1986 until its termination in late 1996, Electric Motor Sales, an Ohio corporation, was in the business of selling and servicing small electric motors in the Marietta, Ohio, area. Beginning in the late 1990s Electric Motor Sales provided electrical contracting work on commercial construction projects.

At all times during Electric Motor Sales' existence, Defendant James C. Tornes owned 80% of its outstanding common shares of capital stock. Two employees of Electric Motor Sales, who had no managerial or operational responsibilities, owned the remaining 20% of outstanding stock.

At all times during Electric Motor Sales existence, Tornes was a director, the President,

and the Chief Executive Officer. Tornes was the only person at Electric Motor Sales who had the authority and responsibility to: hire and fire employees; determine the compensation of employees, as well as his own compensation; take out loans, sign contracts, execute leases, and sign on the company bank account; expend operation funds; set the prices; and withhold income and FICA taxes from the wages and paying those taxes to the United States.

On January 24, 1997, a delegate of the Secretary of the Treasury made an assessment against Tornes for unpaid trust fund recovery penalties in the total amount of $233,253.02, by reason of Tornes' willful failure to collect, truthfully account for, or pay the federal income and FICA taxes withheld from the wages of the employees of Electric Motor Sales for the quarterly tax periods ending December 31, 1995, March 31, 1996, June 30, 1996, and September 30, 1996.

On or about January 24, 1997, proper notice of the assessment made under 26 U.S.C. § 6672 in the amount of $233,253.02 was provided to Tornes and demand for payment of the assessment was duly made upon Tornes. Tornes has failed, neglected, or refused to pay the amount of the assessment in full, and, after the application of all abatements, payments and credits, he remains indebted to the United States for unpaid trust fund recovery penalties in the amount of $414,667.38, including interest, as of May 8, 2008, plus such additional amounts as may continue to accrue as provided by law.

On January 23, 2007, the United States initiated this civil action to reduce to judgment the trust fund recovery penalty liabilities of Tornes. Tornes participated in the pretrial activities. On May 9, 2008, Plaintiff moved for summary judgment. Tornes, however, neither responded in opposition to Plaintiff's motion nor did he request additional time to respond to that motion.

## II. Summary Judgment Standard

Summary judgment is appropriate when the record "shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. Rule. Civ. P. 56(c). In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing that there is a genuine issue of material fact for trial. *See Muncie Power Products, Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

However, "[a] district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Id.* (citing *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989)). Instead, a "court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties." *Id.*; Fed. R. Civ. P. 56(c).

### III. Analysis

Employers are required to withhold federal income and FICA taxes from the wages of their employees, which the employer holds in trust until the taxes are paid over to the United States. *See Slodov v. United States*, 436 U.S. 238, 243 (1978). When an employer fails to forward these withheld taxes to the United States, Section 6672 of the Internal Revenue Code

allows the United States to impose personal liability on those persons responsible for the tax delinquency. *See Collins v. United States*, 848 F.2d 740, 741 (6th Cir. 1998) (citing 26 U.S.C. § 6672(a)). Liability attaches if the following two requirements are met: (i) the individual must be a "responsible person" under Section 6672 (ii) who willfully failed to pay over to the government the withheld taxes due. *Gephart v. United States*, 818 F.2d 469, 473 (6th Cir. 1987). "An important rule of law to be kept in mind [in §6672 cases] is that the taxpayer carries the burden of proving the assessment wrong." *McDermitt v. United States*, 954 F.2d 1245, 1251 (6th Cir. 1992).

### A. Responsibility

The test for determining the responsibility of a person under Section 6672 is a functional one, that turns on whether or not the individual had the ability to exercise significant influence over the financial affairs of the corporation. *Gephart*, 818 F.2d at 473. The Sixth Circuit, has recognized several factors that may be relied upon to determine whether a person is responsible, including:

> (1) the duties of the officer as outlined by the corporation by-laws; (2) the ability of the individual to sign checks of the corporation; (3) the identity of the officers, directors and shareholders of the corporation; (4) the identity of the individuals who hired and fired employees; (5) the identity of the individuals who were in control of the financial affairs of the corporation.

*Gephart*, 818 F.2d at 473.

The Sixth Circuit has found summary judgment to be appropriate against taxpayers on the issue of responsibility under Section 6672 where the United States showed that the taxpayer owned 50% of the corporation's stock, held the title of vice president, had check writing

authority, and had the ability to close the business. *See Kinnie*, 994 F.2d at 284. The Sixth Circuit has also affirmed summary judgment where the United States showed that the two taxpayers in the suit had the exclusive authority to sign operating and payroll checks and one of them was the sole shareholder of the corporation. *United States v. Valleau*, No. 97-6400, 1998 U.S. App. LEXIS 31937, at *6 (6th Cir. 1998).

In this case, Tornes' complete authority over the Electric Motor Sales' finances leaves no doubt that he was a responsible person under Section 6672. Similar to the taxpayer in *Kinnie*, Tornes was a major shareholder of the corporation, he was an officer, and he had check writing authority. *See Kinnie*, 994 F.2d at 284. And just like the taxpayers in *Valleau*, Tornes had exclusive check writing authority. *Valleau*, 1998 U.S. App. LEXIS 31937, at *6. Here, however, Tornes' authority and responsibilities at Electric Motor Sales goes beyond those present in either *Kinnie* or *Valleau*. Tornes had complete authority over every aspect of Electric Motor Sales finances.

**B. Willfulness**

Where a plaintiff is "aware of the unpaid federal withholding tax liability" and "notwithstanding such knowledge . . . continue[s] to sign checks in payment of other corporate obligations" the Sixth Circuit has held that such conduct "constitutes willfulness within the meaning of section 6672." *Gephart*, 818 F.2d at 474. In *Collins*, the Sixth Circuit held that the taxpayer acted willfully, despite the fact that he relied on another's promise to pay the taxes, because he knew that the taxes were not being paid and he paid other creditors with funds that could have been used to offset the tax debt. *Collins*, 848 F.2d at 742. In *Gephart*, the Sixth Circuit similarly held that the taxpayer acted willfully where the taxpayer was aware of the tax

debt but continued to pay other creditors because he might have been fired for disobeying his superior's orders to not pay the taxes. *Gephart*, 818 F.2d at 475.

Here, like the taxpayers in *Collins* and *Gephart*, Tornes was aware of the tax debt and diverted funds to other creditors that could have been used to pay off the tax debt. Tornes admitted that he was the person responsible to withhold and pay over the withholding taxes of Electric Motor Sales's employees, and admitted that he failed to do so. Yet, while aware of his failure, Tornes admits that he authorized and made payments to creditors other than the United States. In fact, Electric Motor Sales' bank records show that, during the quarterly tax periods in question, Tornes actually paid $1,259,711.37 to creditors other than the United States. All of these checks (with the exception of certified checks) issued by Electric Motor Sales where signed
by Tornes. Therefore, Tornes acted willfully under Section 6672.

As result of Tornes' undisputed status as a responsible person and his admitted willful failure to collect and pay over the withholding taxes of the employees of Electric Motor Sales, he is liable under Section 6672 and the United States is entitled to reduce the assessment to judgment.

## IV. Conclusion

The undisputed facts show that Tornes is personally liable under 26 U.S.C. § 6672 during the quarterly tax periods at issue. Accordingly, the Court **GRANTS** Plaintiff United States' Motion for Summary Judgment (Doc. # 18) and **DIRECTS** the Clerk to enter Judgment in favor of Plaintiff in the amount of $414,667.38, including interest, as of May 8, 2008, plus such additional amounts that accrue as provided by law.

**IT IS SO ORDERED.**

*/s/ Gregory L. Frost*
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**